UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

ANDREW BROWN, )
)
    Petitioner, )
)
v. ) Nos: 4:09-cr-035
) 4:10-cv-055
) (MATTICE/CARTER)
UNITED STATES OF AMERICA, )
)
    Respondent. )

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Andrew Brown ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply to the response. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**. In addition, petitioner's pending motion to compel the prosecution to file a Rule 35(b) motion will be **DENIED** as **MOOT**.

I.    Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255,

petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Pursuant to a written plea agreement, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). He was sentenced to consecutive terms of imprisonment of 60 months on each conviction, for a total effective term of imprisonment of 120 months. [Criminal Action No. 4:09-cr-35, Court File No. 47, Judgment]. On motion of the government pursuant to Rule 35(b) of the Federal Rules of Civil Procedure, the judgment was amended and petitioner was sentenced to consecutive

2

terms of imprisonment of 48 months on the drug conviction and 60 months on the firearm charge, for a total effective term of imprisonment of 108 months. [*Id.*, Court File No. 64, Order Amending Judgment].

In support of his § 2255 motion, petitioner alleges his sentence on the § 924(c) conviction should be set aside based upon *United States v. Almany*, 598 F.3d 238 (6th Cir.), vacated and remanded, 131 S. Ct. 637 (2010). Petitioner also alleges that he received the ineffective assistance of counsel. The government has filed its response to the § 2255 motion and petitioner has filed a reply to the response.

III. <u>Discussion</u>

*A. United States v. Almany*

Petitioner challenges the sentence on his § 924(c) conviction and relies on *United States v. Almany*, 598 F.3d 238 (6th Cir.), vacated and remanded, 131 S. Ct. 637 (2010). *Almany* was vacated and remanded in light of *Abbott v. United States*, 131 S. Ct. 18 (2010), and is no longer good law. *See United States v. Almany*, 626 F.3d 901 (2010). Accordingly, petitioner is not entitled to relief on this claim.

*B. Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

3

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

4

Case 4:09-cr-00035-HSM-WBC   Document 67   Filed 09/10/13   Page 4 of 6   PageID #: 256

Petitioner's primary claim of ineffective assistance is that his attorney allowed him to accept a plea bargain that required him to serve a consecutive term of imprisonment on an offense that arose out of a related offense. This refers to petitioner's *Almany* challenge to his § 924(c) conviction and it clearly lacks merit. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner also makes the conclusory claim that his attorney allowed him to waive his right to appeal. Petitioner does not state, however, what would have been the basis for any appeal of his sentence. This allegation likewise lacks merit. Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

### C. Motion to Compel

As noted, the government did in fact file a Rule 35(b) motion to reduce sentence based upon substantial assistance. Accordingly, petitioner's pending motion to compel the prosecution to file a Rule 35(b) motion will be denied as moot.

### IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The motion to compel the prosecution to file a Rule 35(b) motion will be **DENIED** as **MOOT**. The court will

5

**CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                        */s/Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE